UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOSE DELGADO,

                                        Plaintiff,

                                                        No.  9:13-CV-728
                    -v-                                  (DNH/CFH)

POTTER, Correction Officer, Greene Correctional
Facility,

                                        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                              OF COUNSEL:

JOSE DELGADO
Plaintiff Pro Se
12-A-0684
Orleans Correctional Facility
3531 Gaines Basin Road
Albion, NY 14411

HON. ERIC T. SCHNEIDERMAN               GREGORY J. RODRIGUEZ, ESQ.
Attorney General for the State of New York   Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

DAVID N. HURD
United States District Judge

## DECISION and ORDER

## I.  INTRODUCTION

Pro se plaintiff Jose Delgado brought this civil rights action pursuant to 42 U.S.C.

§ 1983.  On December 19, 2014, the Honorable Christian F. Hummel, United States

Magistrate Judge, advised by Report-Recommendation that defendant's unopposed motion

for summary judgment be denied in part and granted in part.  He recommended the motion

be denied as to defendant's exhaustion defense and plaintiff's First Amendment claim, and granted as to plaintiff's Fourteenth Amendment Equal Protection claim. Defendant timely filed objections to a portion of the Report-Recommendation.

## II. **BACKGROUND**[1]

Plaintiff alleges that defendant retaliated against him for his protected First Amendment conduct of filing an inmate property claim regarding a lost magazine. He contends defendant retaliated against him by flipping over his locker on June 18, 2013, and consequentially damaging his personal clothing, food items, oils, lotions, and pictures. Plaintiff did not file a grievance regarding the June 18 locker incident. Plaintiff also alleges he was denied Equal Protection under the Fourteenth Amendment because he was treated differently from inmates who had not filed property claims.

Plaintiff stated in his complaint that he did not grieve the incident because defendant told him that he would "get set up with a false misbehavior report or beaten up!" Compl. at 3. In his deposition however, plaintiff explained that did not file a grievance because "it wouldn't not [sic] got anywhere, as in like that because then they would have just threatened me to sign off." Dkt. No. 22-1, at 21:8–15. He then testified that defendant never said anything to him about filing a grievance. Id. at 21:16–18. He went on to explain that he wrote that threat in the complaint "because he [defendant] never personally told" and "never came to me like, yo, listen, this is what's going to happen if you do." Id. at 22:2–9. He instead testified that on multiple occasions, defendant made sweeping threats in the form of announcements to all of

---

[1] Only those facts directly pertinent to defendant's motion will be recounted here. For a full statement of plaintiff's allegations, reference is made to the Report-Recommendation.

the inmates in his dorm about the consequences of complaining or filing grievances. Id. at 22–24, 31–32. Plaintiff confirmed several times throughout his deposition that defendant never personally threatened him. See e.g., id. at 24:3–5.

## III.  DISCUSSION

### A.  Objections

After reviewing a magistrate judge's recommendations, the district court may accept, reject or modify those recommendations. See 28 U.S.C. § 636(b)(1).  The court reviews de novo those portions of the magistrate judge's recommendations to which a party objects. See Pizzaro v.  Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).  "If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error." Layou v. Crews, 2013 WL 5494062, at *1 (N.D.N.Y. Sept. 30, 2013) (Kahn, J.) (citing Chylinski v. Bank of Am., N.A., 434 F. App'x 47, 48 (2d Cir. 2011)).  Finally, even if the parties file no objections, the court must ensure that the face of the record contains no clear error.  See Wilds v. United Parcel Serv., Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

In his Report-Recommendation and Order, Magistrate Judge Hummel concluded that there are at least questions of fact regarding whether administrative remedies were available, and recommended that defendant's motion for summary judgment, insofar as he advances the affirmative defense of non-exhaustion, be denied.  He further recommended that summary judgment on plaintiff's First Amendment retaliation claim be denied because plaintiff presented sufficient evidence of a causal connection between his protected activity of filing an inmate claim, and the alleged adverse action of defendant's threats regarding filing

future claims.

Defendant's objection to Magistrate Judge Hummel's discussion of plaintiff's failure to exhaust urges that plaintiff is not entitled to a jury trial on disputed factual issues relating to his exhaustion of administrative remedies. In the alternative, defendant requests an evidentiary hearing be held on the issue of exhaustion. Defendant also objected to the First Amendment retaliation claim analysis.

## B. Exhaustion

It is unnecessary to repeat here the well-settled precedent requiring exhaustion of a prisoner's administrative remedies pursuant to the Prison Litigation Reform Act of 1996 ("PLRA"), Pub.L. No. 104–134, 110 Stat. 1321 (1996).[2] With regard to plaintiff's claim that special circumstances exist which justify non-exhaustion, the Second Circuit has held that disputed facts do not convert exhaustion into a jury issue. Messa v. Goord, 652 F.3d 305, 309 (2d Cir. 2011). Instead, the appropriate remedy would be to hold a hearing on the issue of exhaustion. Id.; see also Nelson v. Plumley, No. 9:12–CV–422, 2014 WL 4659327, at *1 (Sept. 17, 2014) (McAvoy, S.J.) (adopting Report-Recommendation of Peebles, J.) ("An evidentiary hearing is necessary to determine whether Plaintiff exhausted his administrative remedies with respect to his remaining excessive-force claim against Defendants . . . .")

Here, it is undisputed plaintiff did not file a grievance regarding the locker incident. Rather, he maintains he was unable to do so because he feared being physical harmed or issued false misbehavior reports. However, plaintiff's complaint conflicts with his deposition testimony, and his deposition testimony itself is contradictory. While he did allege in both

---

[2] For a full recitation of the PLRA exhaustion requirements and exceptions thereto, reference is made to the Report-Recommendation.

instances that defendant threatened that filing grievances would result in negative consequences, plaintiff made clear in his deposition that defendant never made threats to him personally, and instead made general threats to the dorm. Inconsistencies aside, plaintiff's complaint and deposition testimony allege no more than "allegations of a generalized fear of retaliation," which are insufficient to excuse his failure to file a grievance concerning this issue. Brown v. Napoli, 687 F. Supp. 2d 295, 297 (W.D.N.Y. 2009) (rejecting exhaustion excuse and finding plaintiff failed to allege any facts to support his claimed fear of retaliation where complaint stated that plaintiff did not file a grievance concerning the subject matter of this lawsuit due to plaintiff's "[f]ear for [his] personal safety and retaliation by correctional staff.") (collecting cases). Plaintiff's allegations of generalized fear are insufficient to excuse his failure to exhaust.[3]

Having reviewed the remainder of Magistrate Judge Hummel's Report-Recommendation and Order, he properly recommended dismissal of plaintiff's Fourteenth Amendment Equal Protection claim. While Magistrate Judge Hummel conducted a thorough analysis of plaintiff's First Amendment retaliation claim, concluding that factual disputes preclude the granting of summary judgment, that analysis must be rejected as plaintiff did not exhaust his administrative remedies relating to the locker incident. Therefore, his First Amendment retaliation claim will be dismissed for failure to exhaust.

## IV. CONCLUSION

Accordingly, the Report-Recommendation and Order will be rejected in part. That

---

[3] It is noted that plaintiff has not offered any additional arguments or evidence in support of his allegation. He failed to oppose defendant's for summary judgment and did not object to the Report-Recommendation.

portion of the Report-Recommendation and Order recommending denial of summary judgment on plaintiff's failure to exhaust will be rejected. Defendant's motion for summary judgment on plaintiff's failure to exhaust will be granted, and accordingly, summary judgment will be granted dismissing the First Amendment retaliation claim for failure to exhaust. The remainder of the Report-Recommendation and Order will be adopted.

Therefore, it is

ORDERED that

1. Defendant's motion for summary judgment is GRANTED;

2. Plaintiff's complaint is DISMISSED in its entirety; and

3. The Clerk is directed to serve a copy of this Decision and Order upon plaintiff in accordance with the Local Rules.

_____
United States District Judge

Dated: February 17, 2015
      Utica, New York.